LAW OFFICES OF A{~~~~}RT J. RESCINIO, L.L.C.
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 531-2005
Attorney for Plaintiff
File No.: 3822
Attorney I.D.#: 034331989

RECEIVED

AMTRAK

SEP 27 2019

ELEANOR D. ACHESON
EXECUTIVE VICE PRESIDENT,
CHIEF LEGAL OFFICER,
GENERAL COUNSEL & CORPORATE SECRETARY

| | |
|---|---|
| FRED KURZWEIL,<br><br>                              Plaintiffs,<br><br>v.<br><br>AMTRAK, JOHN DOES 1-5, CORPORATE DOES 1-5,<br><br>                              Defendants, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br><br>Civil Action<br><br>Docket No.: MON-L-1024-19<br><br>Hand delivery<br><br>**SUMMONS** |

The STATE OF NEW JERSEY to the above named defendant(s):

**AMTRAK**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and Proof of Service with the deputy clerk of the Superior Court in the County listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided). If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information State (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your Answer or Motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee of $110.00 for Law Division and $105.00 for Chancery Division and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the County where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Service. A list of these numbers is also provided.

Dated: March 26, 2019

/s/ Michelle M. Smith
MICHELLE M. SMITH
Clerk of the Superior Court

Name of Defendant(s) be Served:  Amtrak c/o National Railroad Passenger Corp.
Address for Service:              900 Second Street, NE
                                  Washington, D.C. 20002
                                  Attn: Robin Fitzgerald

LAW OFFICE OF ALBERT J. RESCINIO, L.L.C.
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 531-2005
Attorney for Plaintiff
File No.: 3822
Attorney Id# 034331989

| | |
|---|---|
| FRED KURZWEIL,<br><br>                           Plaintiffs,<br><br>v.<br><br>AMTRAK, JOHN DOES 1-5, CORPORATE DOES 1-5,<br><br>                         Defendants, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br><br>Civil Action<br><br>DOCKET NO.: MON-L- 1024-19<br><br>COMPLAINT<br>AND JURY DEMAND |

Plaintiffs, Fred Kurzweil, formerly residing at 1122 Brower Boulevard, Township of Ocean, County of Monmouth, and State of New Jersey, when the incident occurred by way of complaint against the defendants, says:

### COUNT ONE

1. At all times hereafter mentioned, on March 21, 2017, Fred Kurzweil (hereinafter the "Plaintiff"), was traversing Union Station located at 50 Massachusetts Ave NE, Washington, DC and attempting to keep up with a Red Cap who was handling plaintiff's luggage and directing him to the proper gate, as such a business invitee lawfully on the property owned, operated, maintained and/or controlled by Defendants, Amtrak, John Does 1-5 and Corporate Does 1-5.

2. At the aforementioned time and place and as the result of Defendants negligently failing to keep the premises in a safe condition, plaintiff was caused to slip and fall and sustain serious and permanent personal injuries As such, the defendant had a duty to inspect and maintain the premises.

3. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages, expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical treatment and related care, and will, in the future, be required to expend large sums of money for essential services.

**WHEREFORE**, Plaintiff demands judgment against defendants, Amtrak, John Does 1-5 and Corporate Does 1-5 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

## COUNT TWO

1. Plaintiff repeats and reiterates each and every allegation contained in Count One of this Complaint as if same were more fully set forth herein at length.

2. At all relevant times mentioned herein, and as the result of Defendants negligent failure to exercise proper care, plaintiff was caused to slip and fall and sustain serious and permanent personal injuries.

3. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages, expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical treatment and related care, and will, in the future, be required to expend large sums of money for essential services.

**WHEREFORE**, Plaintiff demands judgment against defendants, Amtrak, John Does 1-5 and Corporate Does 1-5 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

## COUNT THREE

1. Plaintiff repeats and reiterates each and every allegation contained in Count One and Count Two of this Complaint as if same were more fully set forth herein at length.

2. At all relevant times mentioned herein, and as the result of Defendants negligent creation of a dangerous and hazardous condition, Plaintiff was caused to slip and fall and sustain serious and permanent personal injuries.

3. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages, expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical treatment and related care, and will, in the future, be required to expend large sums of money for essential services.

**WHEREFORE**, Plaintiff demands judgment against defendants, Amtrak, John Does 1-5 and Corporate Does 1-5 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

## COUNT FOUR

1. Plaintiff repeats and reiterates each and every allegation contained in Count One, Count Two and Count Three of this Complaint as if same were more fully set forth herein at length.

2. At all relevant times mentioned herein, and as the result of Defendants negligently allowing a nuisance to exist, Plaintiff was caused to slip and fall and sustain serious and permanent personal injuries.

3. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages,

3

expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical treatment and related care, and will, in the future, be required to expend large sums of money for essential services.

**WHEREFORE**, Plaintiff demands judgment against defendants, Amtrak, John Does 1-5 and Corporate Does 1-5 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

## COUNT FIVE

1. Plaintiff repeats and reiterates each and every allegation contained in Count One, Count Two, Count Three and Count Four of this Complaint as if same were more fully set forth herein at length.

2. At all relevant times mentioned herein, and as the result of Defendants negligently failing to provide proper safeguard and/or warnings, Plaintiff was caused to slip and fall and sustain serious and permanent personal injuries.

3. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages, expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical treatment and related care, and will, in the

**WHEREFORE**, Plaintiff demands judgment against defendants, Amtrak, John Does 1-5 and Corporate Does 1-5 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

4

## COUNT SIX

1. Plaintiff repeats and reiterates each and every allegation contained in Count One, Count Two, Count Three, Count Four and Count Five , of this Complaint as if same were more fully set forth herein at length.

2. At all relevant times mentioned herein, and as the result of Defendants negligently failing to provide safe and clear access to the premises, Plaintiff was caused to slip and fall and sustain serious and permanent personal injuries..

3. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages, expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical treatment and related care, and will, in the future, be required to expend large sums of money for essential services.

**WHEREFORE**, Plaintiff demands judgment against defendants, Amtrak, John Does 1-5 and Corporate Does 1-5 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

## COUNT SEVEN

1. Plaintiff repeats and reiterates the allegations contained in Count One, Count Two, Count Three, Count Four, Count Five and Count Six of this Complaint as if same were more fully set forth herein at length.

2. At the aforementioned time and place and as the result of Defendant(s), John Does and/or Corporate Does negligently failing to keep the premises in a safe condition, Plaintiff was caused to slip and fall and sustain serious and permanent personal injuries.

5

3. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages, expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical treatment and related care, and will, in the future, be required to expend large sums of money for essential services.

**WHEREFORE**, Plaintiff demands judgment against defendants, Amtrak, John Does 1-5 and Corporate Does 1-5 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

## COUNT EIGHT

1. Plaintiff repeats and reiterates each and every allegation contained in Count One, Count Two, Count Three, Count Four, Count Five, Count Six and Count Seven of this Complaint as if same were more fully set forth herein at length.

2. Said dangerous and unsafe condition had existed for a significant period of time prior to the plaintiff's accident that defendants knew, or should have known, of the dangerous and unsafe condition and failed to remedy same.

3. As such, at all relevant times mentioned herein, defendants had actual and constructive notice of the unsafe condition which was the cause of serious injuries to the plaintiff as defined by Title 59 of the N.J.S.A.

4. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages, expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical

6

treatment and related care, and will, in the future, be required to expend large sums of money for essential services.

**WHEREFORE**, Plaintiff demands judgment against defendants, Amtrak, John Does 1-5 and Corporate Does 1-5 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

### COUNT NINE

1. Plaintiff repeats and reiterates each and every allegation contained in Counts One through Eight of this Complaint as if same were more fully set forth herein at length.

2. At all relevant times mentioned herein, defendants had a duty to inspect, failed to properly inspect the unsafe condition which was the cause of serious injuries to the plaintiff as defined by Title 59 of the N.J.S.A.

3. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages, expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical treatment and related care, and will, in the future, be required to expend large sums of money for essential services.

**WHEREFORE**, Plaintiff demands judgment against defendants, Amtrak, John Does 1-5 and Corporate Does 1-5 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

### COUNT TEN

1. Plaintiff repeats and reiterates each and every allegation contained in Counts One through Nine of this Complaint as if same were more fully set forth herein at length.

7

2. At all relevant times mentioned herein, and as the result of Defendants' negligent failure to exercise proper care, Plaintiff was caused to slip and fall and sustain serious and permanent personal injuries.

3. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages, expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical treatment and related care, and will, in the future, be required to expend large sums of money for essential services.

**WHEREFORE**, Plaintiff demands judgment against defendants, Amtrak, John Does 1-5 and Corporate Does 1-5 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

## COUNT ELEVEN

1. Plaintiff repeats and reiterates each and every allegation contained in Counts One through Ten of this Complaint as if same were more fully set forth herein at length.

2. At all relevant times mentioned herein, and as the result of Defendants' negligent creation of a dangerous and hazardous condition, Plaintiff was caused to slip and fall and sustain serious and permanent personal injuries..

3. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages, expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical treatment and related care, and will, in the future, be required to expend large sums of money for essential services.

8

**WHEREFORE**, Plaintiff demands judgment against defendants, Amtrak, John Does 1-5 and Corporate Does 1-5 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

## COUNT TWELVE

1. Plaintiff repeats and reiterates each and every allegation contained in Counts One through Eleven of this Complaint as if same were more fully set forth herein at length.

2. At all relevant times mentioned herein, and as the result of Defendants Jane Does, John Does and ABC Corporation negligently allowing a nuisance to exist, Plaintiff was caused to slip and fall and sustain serious and permanent personal injuries.

3. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages, expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical treatment and related care, and will, in the future, be required to expend large sums of money for essential services.

**WHEREFORE**, Plaintiff demands judgment against defendants, Alfieri Property Management, Alfieri-70 Wood Avenue Asoc. L.L.P., M. Alfieri Co., Inc. John Does 1-10, Jane Does, 1-10 and Corporation ABC 1-10 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

## COUNT THIRTEEN

1. Plaintiff repeats and reiterates each and every allegation contained in Counts One through Twelve of this Complaint as if same were more fully set forth herein at length.

9

2. At all relevant times mentioned herein, and as the result of Defendants John Does 1-5 and Corporate Does 1-5 negligently failing to provide proper safeguard and/or warnings, Plaintiff was caused to slip and fall and sustain serious and permanent personal injuries.

3. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages, expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical treatment and related care, and will, in the future, be required to expend large sums of money for essential services.

**WHEREFORE**, Plaintiff demands judgment against defendants, Amtrak, John Does 1-5 and Corporate Does 1-5 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

## COUNT FOURTEEN

1. Plaintiff repeats and reiterates each and every allegation contained in Counts One through Thirteen of this Complaint as if same were more fully set forth herein at length.

2. At all relevant times mentioned herein, and as the result of Defendants John Does 1-5 and Corporate Does negligently failing to provide safe and clear access to the premises, Plaintiff was caused to slip and fall and sustain serious and permanent personal injuries.

3. As a direct and proximate cause of the aforementioned negligence of Defendants, Plaintiff has sustained serious and permanent personal injuries, was caused pain and suffering, lost wages, expended large sums of money for her medical treatment and related care, expended large sums of money for essential services, will, in the future, continue to experience severe pain and suffering, lost wages, will be required to expend large sums of money for her medical treatment and related care, and will, in the future, be required to expend large sums of money for essential services.

**WHEREFORE**, Plaintiff demands judgment against defendants, Amtrak, John Does 1-5 and Corporate Does 1-5 for damages, interest, costs of suit and such other relief as the Court deems to be just and equitable.

### COUNT FIFTEEN

1. Plaintiff repeats and reiterates each and every allegation contained in the Counts One through Fourteen of this Complaint as if same were more fully set forth herein at length.

2. Defendants John Does 105 and Corporate Does 1-5 are being named pursuant to the New Jersey Court Rules and are fictitious names representing potentially liable defendants whose identities shall be revealed through continuing discovery.

3. Plaintiff reserves the right to amend this Complaint to name any and all fictitious defendants as their identities are discovered.

**WHEREFORE**, Plaintiff demands judgment against all fictitious defendants jointly and severally for damages, interest and costs of suit and such other relief as the Court deems to be just and equitable.

### JURY DEMAND

Plaintiff demands a trial by jury as to all issues raised herein.

### DEMAND FOR ANSWERS TO INTERROGATORIES

Please take notice that demand is hereby made upon Defendants to answer all questions in Form C and C2 Interrogatories in accordance with the rules of this Court.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-1, Albert J. Rescinio, Esq. is hereby designated as trial counsel on behalf of the plaintiffs in the within matter.

11

## DEMAND FOR INSURANCE COVERAGE

Pursuant to New Jersey Court Rule 4:10-2(b), demand is made that defendants disclose to plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby Certify that to the best of my knowledge the within matter is not the subject of any other action pending in any Court or the subject of a pending arbitration proceeding; and, that no other action or arbitration proceeding is contemplated. Further, at this time, I know of no other parties who should now joined in this action.

DATED:

ALBERT J. RESCINIO, ESQ.
Attorney for Plaintiff