**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED KURZWEIL,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>AMTRAK, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 19-19388 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Amtrak's ("Defendant" or "Amtrak") Motion to Dismiss Plaintiff Fred Kurzweil's ("Plaintiff") Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[1] (ECF No. 8.) Plaintiff opposed (ECF No. 11), and Defendant replied (ECF No. 12). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court transfers this matter to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1631.

## I.   BACKGROUND

Plaintiff's Complaint relates to personal injuries he allegedly sustained in a slip and fall accident that occurred in Union Station in Washington, D.C., while traveling with Amtrak. (Compl. *2–3,[2] ECF No. 1-1.) Plaintiff, who is permanently disabled, regularly uses Amtrak's

---

[1] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] Page numbers preceded by an asterisk refer to the page number on the ECF header.

Red Cap baggage-handling service for assistance with luggage and transportation when traveling. (Pl.'s Opp'n Br. 2, ECF No. 11.) On or about March 21, 2017, Plaintiff was "attempting to keep up with a Red Cap who was handling [his] luggage and directing him to the proper gate." (Compl. *2.) While following the Red Cap, Plaintiff alleges he slipped and fell due to dangerous conditions in the gate and platform area and suffered serious injuries. (*Id.*; Pl.'s Opp'n Br. 2.)

On March 19, 2019, Plaintiff filed a complaint in the Superior Court of New Jersey, Monmouth County, Law Division, alleging negligence against Defendant for creating the dangerous condition and allowing it to persist. (*See generally* Compl.; Pl.'s Opp'n Br. 3.) On October 25, 2019, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441. (Notice of Removal ¶ 2, ECF No. 1.) Defendant, a Washington, D.C. corporation with its principal place of business in Washington, D.C., now moves to dismiss the Complaint for a lack of personal jurisdiction. (Def.'s Moving Br. 1, ECF No. 8-1.)

## II.   LEGAL STANDARD

For the purposes of a motion to dismiss pursuant to Rule 12(b)(2), the "plaintiff must prove by affidavits or other competent evidence that [personal] jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (internal quotation marks and citation omitted). When the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have [his] allegations taken as true and all factual disputes drawn in [his] favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law. New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller*, 384 F.3d at 96

(internal citations omitted). "Thus, parties who have constitutionally sufficient minimum contacts with New Jersey are subject to suit there." *Id.* (internal quotation marks omitted).

A federal district court may exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984). General jurisdiction exists when a defendant's "affiliations with the State are 'so continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (citing *Daimler*, 571 U.S. at 137; *Goodyear*, 564 U.S. at 924). "[I]n an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *Id.* (quoting *Daimler*, 571 U.S. at 139 n.19). "[T]he inquiry [in *Daimler*] 'calls for an appraisal of a corporation's activities in their entirety'; '[a] corporation that operates in many places can scarcely be deemed at home in all of them.'" *Id.* at 1559 (third alteration in original).

Specific jurisdiction exists where: (1) the defendant "purposefully directed its activities at the forum"; (2) the litigation "arise[s] out of or relate[s] to at least one of those activities"; and (3) the exercise of jurisdiction "comports with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotation marks and citation omitted). "The defendant need not be physically located in the state while committing the alleged acts." *Al-Ghena Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 528 (D.N.J. 2013) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). "Nor is specific jurisdiction defeated merely because the bulk of the harm occurred outside the forum." *Id.* (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984)).

3

## III.  DISCUSSION

### A.  The Court Does Not Have Personal Jurisdiction Over Defendant

#### 1.  General Jurisdiction

Defendant is a Washington, D.C. corporation with its principal place of business in Washington, D.C. (49 U.S.C. § 24301(a)-(b); *see also* Def.'s Moving Br. 1.) The Court, therefore, must determine whether the instant action is one of the "exceptional" cases in which a corporate defendant is essentially "at home" in the forum state. *Daimler*, 571 U.S. at 139 n.19.

Although framed as an argument establishing specific jurisdiction, Plaintiff appears to argue that general jurisdiction is present because Defendant employs of thousands of persons, conducts extensive business, and "is involved in excess of . . . $1 [b]illion in site improvements and upgrades" in New Jersey. (Pl.'s Opp'n Br. 5–6, 14–15; *see also* Declaration of Albert J. Rescinio ("Rescinio Decl."), ECF No. 11-1 (providing evidence of Amtrak's routes, spending, and employment in New Jersey).) Plaintiff also notes that, "[i]n 2015[,] [Defendant] serviced 798,531 [New Jersey] riders . . .[,] indirectly added . . . 7,370 jobs to the New Jersey economy[,] and posted earnings based upon New Jersey service of $440,768,000.00." (Pl.'s Opp'n Br. 5 (citing Ex. E to Rescinio Decl. *26–29).) General jurisdiction, however, "does not focus solely on the magnitude of the defendant's in-state contacts." *Daimler*, 571 U.S. at 139 n.20 (citation and alteration omitted). For example, in *BNSF Railway Co. v. Tyrrell*, a personal injury case, the Supreme Court held that Montana did not have general jurisdiction over a railway company which had more than 2,000 miles of railroad track and over 2,000 employees in the state. 137 S. Ct. at 1559 (holding that the "corporation's activities in their entirety" were insufficient "to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring in [the forum state]"). Furthermore, in a similar case involving Amtrak, a district court held that, despite Amtrak's extensive operations in New York, general jurisdiction was not proper. *McConney v.*

4

*Amtrak*, No. 18-5290, 2020 WL 435366, at *3 (E.D.N.Y. Jan. 28, 2020) (holding that "the high bar set by *Daimler*" had not been met). Finally, Plaintiff highlights that, "[w]ith 21,000 route miles in [forty-six] states, the District of Columbia[,] and three Canadian provinces, [Defendant] operates more than 300 trains each day[.]" (Pl.'s Moving Br. 5.) As *Daimler* held, however, "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139 n.20.

"[I]t is incredibly difficult to establish general jurisdiction over a corporation in a forum other than the place of incorporation or principal place of business." *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (internal quotation marks and alteration omitted). Taking Plaintiff's allegations as true and resolving all factual disputes in his favor, the Court finds Plaintiff has not met his burden to prove that general jurisdiction is proper. The Court, accordingly, does not have general jurisdiction over Defendant.

### 2.     **Specific Jurisdiction**

"Specific jurisdiction over a defendant exists when that defendant has '[1] purposefully directed his activities at residents of the forum and [2] the litigation results from alleged injuries that arise out of or relate to those activities.'" *Miller*, 384 F.3d at 96 (quoting *Burger King*, 471 U.S. at 472). If, upon a motion to dismiss for lack of personal jurisdiction, a plaintiff does not establish these "purposeful availment" and "relatedness" requirements, the Court may not exercise specific jurisdiction over the defendant. *Id.* at 97; *see also O'Connor*, 496 F.3d at 318.

Notwithstanding the "purposeful availment" requirement, the Court cannot find that Plaintiff's injuries relate to or arise out of Defendant's contacts with New Jersey. Although the Third Circuit has never adopted a "definitive approach to the relatedness requirement[,]" *O'Connor*, 496 F.3d at 320, it has provided a roadmap for this "fact-sensitive inquiry," *id.* at 323. For tort claims, the analysis "should hew closely to the reciprocity principle upon which specific

5

jurisdiction rests." *Id.* (citing *Burger King*, 471 U.S. at 475–76). That is, "[w]ith each purposeful contact by an out-of-state resident, the forum state's laws will extend certain benefits and impose certain obligations." *Id.* Such obligations and jurisdictional exposures, however, must be "closely tailored" to the defendant's contact. *Id.* "The causal connection . . . must . . . be intimate enough to keep the quid pro quo proportional and personal jurisdiction *reasonably foreseeable.*" *Id.* (emphasis added).

Here, Plaintiff argues that specific jurisdiction exists because of (1) Defendants' active engagement "in the business of providing services as a common carrier for hire in New Jersey" and (2) because Plaintiff purchased two Amtrak tickets while in New Jersey. (Pl.'s Opp'n Br. 13–14.) Such contacts, however, are completely detached from Plaintiff's underlying personal injury claims. *See Bristol-Myers Squibb Co. v. Super. Ct. of Ca., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017) ("When there is no such connection [to the underlying controversy], specific jurisdiction is lacking regardless of the extent of a defendant's *unconnected* activities in the State." (emphasis added)). The Court notes that "this case may have presented a closer call if the underlying claims centered on allegations related to those tickets [or Defendant's activities in New Jersey] (e.g., in a breach of contract action based on fraudulent ticket sales)[.]" *Huzinec v. Six Flags Great Adventure, LLC*, No. 16-2754, 2018 WL 1919956, at *6 (D.N.J. Apr. 24, 2018). Defendant, however, could not have reasonably foreseen that their ticket sales or business in New Jersey—no matter how extensive—would subject them to suit in New Jersey for wholly unrelated negligence claims that occurred in Washington, D.C. Plaintiff, therefore, has failed to meet his burden to prove that Defendant's contacts with New Jersey relate to Plaintiff's underlying personal injuries. Accordingly, the Court finds that it lacks specific jurisdiction over Defendant.

## B.  Transfer

Having found that it lacks personal jurisdiction over Defendant, the Court considers whether transfer is appropriate. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed[.]" 28 U.S.C. § 1631; *see also Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 n.9 (3d Cir. 2002) (noting that § 1631 permits transfer where the court lacks personal jurisdiction). To transfer pursuant to § 1631, a court must find that (1) the action "could have been brought" in the transferee district and (2) transfer is in the interest of justice. *See, e.g., D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 106–07 (3d Cir. 2009). A decision to transfer under § 1631 is largely discretionary and may be taken sua sponte by the Court. *Lozinski v. Black Bear Lodge, LLC*, No. 16-7963, 2017 WL 1380416, at *4 (D.N.J. Apr. 10, 2017).

To satisfy the first prong, the Court must find that the transferee court—here, the United States District Court for the District of Columbia ("District of Columbia")—has (1) subject matter jurisdiction, (2) is a proper venue, and (3) has personal jurisdiction over the parties. *Am. Fin. Res., Inc. v. Smouse*, No. 17-12019, 2018 WL 6839570, at *5 (D.N.J. Dec. 31, 2018). First, the District of Columbia would have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Defendant was created by an act of Congress, 49 U.S.C. §§ 24101, *et seq. See Fed. Intermediate Credit Bank of Columbia, S.C. v. Mitchell*, 277 U.S. 213, 214 (1928) ("A suit by or against a corporation created under an act of Congress is one arising under the laws of the United States."). Second, venue is proper in judicial districts in which (1) "any defendant resides, if all defendants are residents of the State in which the district is located;" or (2) "a substantial part of the events . . . giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b). Defendant is a Washington, D.C. corporation, (Def.'s Moving Br. 1), and the alleged incident occurred solely in Washington, D.C.,

7

(Compl. *2). The District of Columbia, therefore, is a proper venue. Finally, for the reasons stated throughout this Opinion, Defendant, a Washington, D.C. corporation with its principal place of business in Washington, D.C., is "at home" in the District of Columbia and subject to general personal jurisdiction. *Daimler*, 571 U.S. at 137. The District of Columbia, therefore, is a proper alternative forum for the instant matter.

The Court must also determine whether transfer would be in the "interest of justice." *D'Jamoos*, 566 F.3d at 110. This "requirement ordinarily will be satisfied if the statute of limitations has expired subsequent to the time of the original filing, so that transfer, rather than dismissal, will preserve the plaintiff's cause of action." *Smouse*, 2018 WL 6839570, at *5 (internal quotation marks and citation omitted). Furthermore, "even if the statute of limitations would not bar the plaintiff from refiling the action in the correct court, transfer rather than dismissal may be in the interest of justice because it would save the plaintiff the time, expense[,] and effort of having to refile the action." *Id.* (citation and alteration omitted). Under Washington, D.C. law, negligence claims are subject to a three-year statute of limitations, D.C. Code Ann. § 12-301(8), and accrue when the injury results, *Commonwealth Land Title Ins. v. KCI Techs., Inc.*, 922 F.3d 459, 464 (D.C. Cir. 2019). Here, Plaintiff's claim accrued on March 21, 2017. (Compl. *2.) Thus, dismissal at this stage would deprive Plaintiff of his ability to refile the action in the District of Columbia and prejudice his right to bring claims against Defendant. The Court, therefore, finds that transfer to the District of Columbia is in the interest of justice.

## IV.  CONCLUSION

For the reasons set forth above, the Court transfers this matter to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631. The Court will enter an Order consistent with this Memorandum Opinion.

								**MICHAEL A. SHIPP**
								**UNITED STATES DISTRICT JUDGE**