UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRED KURZWEIL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:20-cv-02780-BAH ) |
| NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK et al., | ) ) ) ) |
| Defendant. | ) |

**REPORT OF DEFENDANT AS TO FAILURE TO TIMELY FILE JOINT MEET AND CONFER STATEMENT AND REPORT OF DEFENDANT FRCP RULE 26(f) AND LOCAL RULE 16.3 DISCOVERY CONFERENCE**

COMES NOW Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, by counsel, Felicity A. McGrath, Kiernan Trebach, LLP, and pursuant to Fed. R. Civ. P. 26(f), LCvR 16.3, and the Court's Orders of October 13, 2020; October 26, 2020; and November 5, 2020, directing the parties to file a report explaining their failure to timely file a joint Meet and Confer Statement states the following:

Undersigned Counsel for Defendant National Railroad Passenger Corporation states that she was waiting for, and did not receive the assignment of this matter until after the initial deadline to file the Joint Meet and Confer statement. This matter was transferred from United States District Court for New Jersey, and was handled by different counsel for Defendant in New Jersey who is not barred in this Court. The original delay was the cause for defense counsel not being aware of the deadline and not timely filing the Joint Meet and Confer Statement on the original date required by the Court.

Once she received this matter, Counsel for Defendant states that on November 6, November 9, November 24 and again on December 7, 2020, she reached out to counsel for

Plaintiff in an effort to provide a joint report to the Court and comply with the Court's Orders. Counsel for Plaintiff did not respond, and Defendant chose to file this unilateral proposed report in an effort that Defendant could comply with this Court's Order.

## REPORT OF DEFENDANT
## FRCP RULE 26(f) AND LOCAL RULE 16.3 DISCOVERY CONFERENCE

COMES NOW, Defendant, National Railroad Passenger Corporation, and pursuant to Fed. R. Civ. P. 26(f), LCvR 16.3, for Initial Scheduling Conference and states that on November 6 November 9, November 24 and again on December 7, 2020, undersigned counsel reached out to counsel for Plaintiff in an effort to provide the following joint report to the Court and comply with the Court's Orders. As counsel for Plaintiff did not respond, Defendant alone proposes the following Scheduling Order and responds as follows:

**1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

There are no dispositive motions currently pending before the Court. Defendant reserves the right to file a dispositive motion, if appropriate.

**2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Defendant proposes that the deadline within which to join parties and amend pleadings to join all necessary parties and/or to amend the pleadings be set for sixty (60) days from the date of the Initial Conference, consistent with the Proposed Scheduling Order, attached hereto as Exhibit 1 and incorporated herein. Defendant is unable to agree on any factual and/or legal issues at this time.

**3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Defendant consents to this case being assigned to a Magistrate Judge.

**4. Whether there is a realistic possibility of settling the case.**

Defendant believes there is a realistic possibility of settling the case.

**5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their**

response to this provision with their clients.

Defendant believes that the possibility of ADR should be revisited following the close of discovery.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-claims, oppositions, and replies; and proposed dates for a decision on the motions.**

It is too premature to determine if this case can be resolved by a way of a dispositive motion. Defendant proposes a deadline 11 months from the date of the Initial Conference within which to file a dispositive motion, a deadline of fifteen (15) days from that date to file an opposition, and a deadline of five (5) days from that date within which to file a reply. The parties would request a decision within forty-five (45) days of the deadline to file the reply. The Parties refer the Court to the Proposed Scheduling Order, attached as Exhibit 1.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(l), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties will make initial disclosures, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, within fourteen (14) days of the Initial Conference. The Parties do not require any changes to the scope of disclosures and, with regarding to the timing, the Parties refer the Court to the Proposed Scheduling Order attached as Exhibit 1.

8. **The anticipated extent of discovery, how long discovery should take, what limits, should be placed on discovery, whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission and depositions.**

Defendant requests that each Party is limited to a maximum of 25 interrogatories and a maximum of 10 depositions, not including depositions of expert witnesses, to be completed within the proposed discovery cutoff date ten (10) months from the date of the Initial Conference. Defendant refers to the Proposed Scheduling Order attached as Exhibit 1.

9. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

None at this time.

10. **Any issues about claims of privilege or of protection as trial-preparation materials, including if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Defendant is not seeking any order with respect to privilege or protection, but reserves the right to assert such claims at a later time if necessary, and to seek an appropriate order of the Court at that time.

11. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and**

when depositions of experts should occur.

Defendant agrees that the exchange of expert witness reports and information should proceed pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and refer the Court to the Proposed Scheduling Order attached as Exhibit 1.

12. **In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This provision is not applicable.

13. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Defendant does not feel that this matter needs to be bifurcated or managed in phases.

14. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Defendant proposes that the pretrial conference be scheduled following the conclusion of discovery and disposition of any summary judgment motions filed and refer the Court to the Proposed Scheduling Order attached as Exhibit 1.

15. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Defendant requests that the Court set a trial date at the pretrial conference and refer the Court to the Proposed Scheduling Order attached as Exhibit 1.

16. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Defendant has none at this time.

Respectfully submitted,

/s/ Felicity A. McGrath
Felicity A. McGrath (Bar No. 457511)
Kiernan Trebach LLP
1233 20th Street, NW, 8th Floor
Washington, DC 20036
(202) 712-7000
fmcgrath@kiernantrebach.com
*Attorneys for Defendant,*
*National Railroad Passenger Corporation*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED KURZWEIL,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION D/B/A AMTRAK et al.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:20-cv-02780-BAH<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2020, a copy of the foregoing Report Of Defendant's Rule 26(f) Discovery Conference was sent via electronic and first-class mail, postage prepaid, to:

> Albert Rescinio
> 1500 ALLAIRE AVENUE
> SUITE 101
> OCEAN, NJ 07712
> arescinio@rescinio.com
>
> *Attorneys for Plaintiff*

> /s/ Felicity A. McGrath
> Felicity A. McGrath (Bar No. 457511)